FILED

Provided to Blackwater River Correctional and Rehabilitation Facility on 2-3-23 for mailing. CWS Initials

2023 FEB 10 AM 11: 23

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: MIDDLE |
|---|---|
| Name (under which you were convicted): Osario S. Ryan | Docket or Case No.: 8:23-cv-293-MSS-SPF |
| Place of Confinement: Blackwater River C.F., 5914 Jeff Ates Rd., Milton, Fl. 32583 | Prisoner No.: H48347 |
| Petitioner (include the name under which you were convicted) Osario shamel Dudley Ryan | v. | Respondent (authorized person having custody of petitioner) State of Florida |
| The Attorney General of the State of: FLORIDA  3507 E. Frontage Rd., Ste. 200, Tampa Fl 33607-7013 |

**PETITION**

1. (a) Name and location of court that entered judgment of conviction you are challenging: The Circuit court of the tenth Judicial circuit in and for Polk County
   (b) Criminal docket or case number (if you know): 2014CF002365

2. (a) Date of the judgment of conviction (If you know): June 3, 2016
   (b) Date of Sentencing: June 3, 2016

3. Length of sentence: natural life Sentence

4. In this case, were you convicted on more than one count or of more than one crime?
   ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted of and sentenced to in this case: Armed Robbery

6. (a) What was your plea? (Check one)
   ☑ (1) Not Guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   (c) If you went to trial, what kind of trial did you have? (Check one)
        ☑ Jury   ☐ Judge Only

7. Did you testify at a pretrial hearing, trial or a post-trial hearing?
        ☐ Yes   ☑ No

1

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Second District Court of Appeals

(b) Docket or case number (if you know): 2D 21-981

(c) Result: Dissmissed with Prejudice

(d) Date of result (if you know): June 10, 2022

(e) Citation to the case (if you know):

(f) Grounds raised: 1) New discovered Evidence witness recantation due to it being a credible statement of fact which was unknown to defendant and trial counsel.
2) New Trial based on the prosecutions Brady and Giglio Violations by failing to provide material impeachment evidence pertaining to testimony on Jermaine Thomas.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of Florida

(2) Docket or case number (if you know): SC 22-1768

(3) Result: Dissmissed

(4) Date of result (if you know): January 10, 2023

(5) Citation to the case (if you know): _____

(6) Grounds raised: 1) Denied equal protection laws guaranteed by Florida Constitution article 1, Section 2 and U.S.C. Amendment VI and XIV. 2) Jury did not represent a fair cross section of community. 3) Jury selection tainted by Prosecutions exclusion of qualified Jurors based on race. 4) Bias by the Trial Judge.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____
_____
_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes      ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No
(2) Second petition:  ☐ Yes    ☐ No
(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Petitioner was denied the equal protection of laws Guaranteed by the Florida Constitution Article 1, section 2 and U.S.C. Amendment VI and XIV.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was improperly convicted of robbery with a firearm because the jury districting system in place at the time of his 2016 trial was an unconstitutional systematic exclusion of a significant portion of Black population from the jury pool for Polk County District, from which the jury for the petitioner's trial was drawn resulting in an all white jury; three of which had strong ties to police officers mandating disqualification of juror Satfield, whose cousin was a cop → See attachment

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

_____
_____
_____

## Ground 1 Attachment

Whom he stated he was fairly close to, juror Moorey whose late husband was also a police officer and juror Perez who knew officer Diaz one of the state's witnesses at this trial Quoting that she sees him regularly regarding her kids probation. Juror Horton during Voir dire said "I think black people are more associated with robbery". see trial transcripts Jury Selection page 86. Juror Horton expressed and demonstrated that she could not fulfill her role as a fair and impartial juror and thus should have been excused for cause. According to Polk County, FL 2016-2017 Census figures 666,271 in 2016 to 685,790 population. A 2.9% increase, Polk Conty is the 7th fastest growing county in the nation with a black population of 15.9% with only 7.2% over the age of 21 to qualify for jury duty. Petitioners jury consisted of 21 with two Black jurors being taken off the jury pool before voir dire started, leaving 19 individuals all of whom were white. Discrimination on the basis of race in the selection of jurors strikes at the fundamentals Values of our judicial system and our society as a whole. A criminal defendants right to equal protection of the laws is denied when he is convicted by a jury from which members of a racial group have been purposet the excluded; and the intentional discrimination in the jury selection is a grave Constitutional Trespass.

AO 241
(Rev. 10/07)

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: __Ineffective assistance of counsel for failing to raise this issue.__

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __Writ of Habeas Corpus - (state)__

Name and location of the court where the motion or petition was filed: __Supreme Court of Florida, 500 South Duval Street, Tallahassee, FL 32399-1925__

Docket or case number (if you know): __SC22-1768__

Date of the court's decision: __January 10, 2023__

Result (attach a copy of the court's opinion or order, if available): __Dismissed see attachment__

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __Ineffective assistance of counsel__

FILED

2023 FEB 10 AM 11: 23

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# Supreme Court of Florida

TUESDAY, JANUARY 10, 2023

**CASE NO.: SC22-1768**
Lower Tribunal No(s).:
532014CF002365A000XX

OSARIO S. RYAN     vs.     RICKY D. DIXON, ETC.

Petitioner(s)               Respondent(s)

Because the Court has determined that relief is not authorized, this case is hereby dismissed. *See Baker v. State*, 878 So. 2d 1236 (Fla. 2004). Any motions or other requests for relief are also denied. No motion for rehearing or reinstatement will be entertained by this Court.

CANADY, POLSTON, LABARGA, GROSSHANS, and FRANCIS, JJ., concur.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

ks
Served:

LANCE ERIC NEFF
OSARIO S. RYAN
HON. STACY M. BUTTERFIELD, CLERK
C. SUZANNE BECHARD

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** _Petitioner was convicted by a jury that did not represent a fair cross section of the community_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Petitioner was convicted by a jury that did not represent a fair cross section of the community; to wit: Juror-Horton, Juror-Perez, Juror-Soot, Juror-Vann, Juror-Satfield, Juror-Flath, alternate-Moorey, all of which are white. See jury selection transcript pages 120-121_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective assistance of counsel for not raising this issue._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Writ of Habeas Corpus (state)_

Name and location of the court where the motion or petition was filed: _Supreme Court of Florida, 500 South Duval Street, Tallahassee FL, 32399-1925_

Docket or case number (if you know): _SC22-1768_

Date of the court's decision: _January 10, 2023_

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): __attached before this page.__

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes  ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
__Ineffective assistance of counsel for not raising this ground.__

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:** __Jury Selection tainted by prosecutions exclusion of Qualified Jurors on the basis of Race.__
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
__Trial transcripts of sentencing transcript page 80-85__

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective assistance of Counsel_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Writ of Habeas Corpus (state)_

Name and location of the court where the motion or petition was filed: _Supreme Court of Florida 500 South Duval Street, Tallahassee FL, 32399-1925_

Docket or case number (if you know): _SC22-1768_

Date of the court's decision: _January 10, 2023_

Result (attach a copy of the court's opinion or order, if available): _attached before this page._

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Ineffective assistance of counsel._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** _Bias by the Trial Judge._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_See sentencing transcripts pg. 23. Trial Judge lied stating he has not had a case more gregarious than mine._

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No
(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective assistance of Counsel_

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _Writ of Habeas Corpus (State)_

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: _Supreme Court of Florida, 500 South Duval Street, Tallahassee FL, 32399-1925_

Docket or case number (if you know): _SC22-1768_

Date of the court's decision: _January 10, 2023_

Result (attach a copy of the court's opinion or order, if available): _Dissmissed. Attached_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Ineffective assistance of counsel._

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   _____

   _____

   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   _____

   _____

   _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

   _____

   _____

   _____

   _____

   _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☑ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. The Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. Case No: 2014-CF-002365, 3.800(a) Motion to Correct illegal Sentence, incorrect Sentencing Scoresheet/ with Memorandum of law.

AO 241
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Not sure__

(b) At arraignment and plea: __Public Defender__

(c) At trial: __Private Counsel La'torea spohr__

(d) At sentencing: __P.A. La'torea Spohr__

(e) On appeal: __Yohance Kefense McCoy P.A.__

(f) In any post-conviction proceeding: __Yohance Kefense McCoy P.A__

(g) On appeal from any ruling against you in a post-conviction proceeding: __Hatfield and O'Brien, Rachel Reese P.A.__

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

According to, 106 SCT 617, 88 LEDZD 598, 474 US254 Vasquez vs Hillery - "Federal habeas corpus relief may be granted where the federal constitutional rights of a person convicted by a state court have been violated, even if a long time has

AO 241
(Rev. 10/07)

passed between the criminal conviction and the filing of petition for Habeas Corpus. In addition, My appealate counsel was ineffective for failing to file an motion or keeping the opportunity open to file a petition for federal Habeas Corpus. See Attached letters of Petitioner's letters directing appealate counsel of his desired decision, violating Florida Bar Rule 4.1-2(a) Lawyer to abide by Clients decision.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Provided to Mayo C.I. on 9-11-18 for mailing by O.R. Initials

Greetings, Mr. McCoy                                9/11/18

I'm writing you because I am very concerned about my appeal case. I have expressed these issues with you on several occasions. I agreed with filing the Newly Discovered Evidence, however, I would like to file the ineffective assistant counsel claim as well. I know you said it would be futile to file the ineffective assistant counsel claim, and I took your advisement because your my attorney, however, I feel strongly that we have strong grounds on the ineffective assistant counsel claim. I take your advisement to heart, Mr. McCoy, I just want you to give the ineffective assistant counsel claim more thought. Equally important, My federal Deadline is Sept. 18, 2018, that's a week away. We were suppose to file the Newly Discovered motion since May. I didn't want the federal route to close just in case anything went wrong. In addition, you said you were going to set up a meeting with state witness Mr. Thomas in August. I know you are a busy man however, please do not give me your word that you are going to do something and not do it. Although, I find it very dubious that you would be procrastinating, I am troubled. I'm awaiting your legal call so we can discuss my case in depth. I thank you for your work and ask that you continue to work diligently on my case.

                                    Respectfully Mr. Ryan

PROVIDED TO MAYO C.I. ON
2-21-19    O.R.
DATE        INITIALS

Greetings, Mr. MCcoy                                          Feb. 20, 2019

       I am writing you in grave concern pertaining to my appeal case. Previously, I wrote you two letters stressing my concerns and issues. One major issue that I had and still have is how you squandered my federal deadline. I wrote you prior to my deadline; specifically I wrote you 9/11/18. I stated I didn't want my federal deadline to pass, I specifically wanted that route open, just in case I needed it. To your advise saying "we don't need it." You disregarded my request. Secondly, you continue to state to me and my family dates that you will accomplish certain tasks such as, filing my 3.850 motion since May of 2017, or diligently pursuing my alleged co-defendant and having him under oath in front of a court reporter/ officer of the court, in a timely ,manner. I understand that appeal cases take time however, procrastination is ostensible; It's been over a year; Since the date of September 18 2017 when I received my Mandate, nothing has been done showing progression on my case. A lawyer shall act with reasonable diligence and promptness in representing clients **Florida Bar Rule 4-1.3**. In addition, I found another ground we might be able to pursue. **Section 17 Article 9** of the Florida Constitution prohibits "indefinite sentences" that's a direct violation of the law in my case. Equally important "any type of governmental misconduct which violates a defendants due process rights, regardless of their predisposition is ground for dismissal of criminal charges."**(Cannon v. State.)** I hope and pray that you diligently pursue and work on my case because this is my life, and I am going through constant struggles in this environment. These are my concerns and issues please address them accordingly. In this letter I have also included copies of the other two letters I wrote.

                                              Sincerely,
                                          Mr.Osario,Ryan

Dear, Mr. MCcoy                                                                 Feb. 21,2019

    I have previously written you two letters explaining my issues and concerns in regards to my appeal being perused in my case. One major issue I have addressed is you squandering my federal deadline, by failing to adhere to the policy and procedure of the court. My two year deadline to file Fla. Crim. P. 3.850 Motion is approaching and I am afraid that you are liable to miss this deadline also due to your lack of professionalism and dealing with my case. I do understand that you may be busy, but from knowledge of the legal system deadlines are a priority in any law firm and shall be addressed first. In addition to the stance you are already taking in my case, I have discovered more information that may assist you Section 17 Article 9 of the Florida Constitution prohibits "indefinite sentences" which coincides with the laws being violated in my case. Equally important, " any type of governmental misconduct which violates a defendants due process rights are grounds for dismissal of criminal charges". (Cannon v. State)[1]. With that said I am inclining towards referring your unprofessionalism to the Florida Bar due to the graveness of your misconduct, and the severe consequences it's causing in my appeal. this is my final effort in trying to communicate with you on a reasonable basis.

                                                    Respectfully,
                                                    Osario,Ryan

---

[1] 57 So.3d892 State v. Cannon-March 2,2011

AO 241
(Rev. 10/07)

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: __To be discharged or the alternative a new Trial.__

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __2-3-2023__ (month, date, year).

Executed (signed) on __2-3-2023__ (date).

**Legal Mail**
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on __2-3-23__ for mailing. __CMS__
Initials

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____