UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OSARIO S. RYAN,**

    **Petitioner,**

v.                                      Case No. 8:23-cv-293-MSS-SPF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    **Respondent.**
_____

**ORDER**

Osario S. Ryan petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state-court conviction for robbery with a firearm. (Dkt. 1) Respondent asserts that the petition is time barred.[1] (Dkt. 5) After reviewing the pleadings and the relevant state-court record (Dkt. 6-2), the Court **DISMISSES** the petition as time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Carroll v. Sec'y, DOC, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a

---

[1] Ryan did not file a reply.

"properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

A state-court jury found Ryan guilty of robbery with a firearm. (Dkt. 6-2, Ex. 3) He subsequently received a sentence of life imprisonment. (Id., Ex. 4) Ryan's conviction was affirmed on direct appeal on August 16, 2017. (Id., Ex. 12) The judgment became final ninety days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—November 15, 2017.

The limitation period ran uninterrupted until it expired one year later, on November 15, 2018. Ryan did not file any tolling applications before that date. Instead, in September 2019, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 6-2, Ex. 13). By that time, however, the AEDPA limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Ryan's § 2254 petition—filed on February 3, 2023—is untimely. (Dkt. 1 at 1)

Ryan does not dispute that his petition is untimely. Instead, he argues that he is entitled to equitable tolling because his postconviction attorney failed to file the Rule 3.850 motion until after the federal limitation period had expired. (Id. at 16) In support, Ryan attaches three letters he wrote to his attorney. In the first letter, dated

2

September 11, 2018, Ryan urged counsel to file the Rule 3.850 motion before the AEDPA limitation period expired. (Id. at 17) The second and third letters were sent in February 2019. (Id. at 18-19) In them, Ryan faulted counsel for "squandering [his] federal deadline" and criticized counsel's "lack of professionalism." (Id.)

Ryan is not entitled to equitable tolling. To establish that equitable tolling applies, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Moreover, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014).

As noted above, Ryan faults his postconviction attorney for failing to file the Rule 3.850 motion until after the federal limitation period had expired. (Dkt. 1 at 16) This conduct does not justify equitable tolling. "[A]ttorney negligence, even gross or egregious negligence, does not by itself qualify as an extraordinary circumstance for purposes of equitable tolling." Clemons v. Comm'r, Ala. Dep't of Corr., 967 F.3d 1231, 1242 (11th Cir. 2020) (citation omitted). Indeed, the Eleventh Circuit has held that equitable tolling is not warranted where, as here, counsel failed to file "the motion for post-conviction relief . . . in state court soon enough to permit the federal habeas

3

petition to be filed on time." Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1071 (11th Cir. 2011); accord Lebed v. Sec'y, No. 5:20-cv-574-KKM-PRL, 2023 WL 6676138, at *4 (M.D. Fla. Oct. 12, 2023) ("[Petitioner] does not show that the postconviction attorney's failure to file the state postconviction motion in time to toll the AEDPA limitation period is an extraordinary circumstance."); Roman v. Sec'y, Dep't of Corr., No. 6:14-cv-1104-GAP-GJK, 2015 WL 6438332, at *4 (M.D. Fla. Oct. 21, 2015) ("[C]ounsel's delay in filing Petitioner's Rule 3.850 motion does not qualify as an extraordinary circumstance."); Penton v. Crews, No. 3:12-cv-176-RV-CJK, 2013 WL 2389831, at *5 (N.D. Fla. May 30, 2013) (holding that counsel's "failure to proceed promptly in filing a Rule 3.850 motion" did not "rise[ ] to the level of an 'extraordinary circumstance'").

Moreover, Ryan fails to establish "either abandonment of the attorney-client relationship, . . . professional misconduct[,] or some other extraordinary circumstance." Clemons, 967 F.3d at 1242. Counsel did not "abandon[ ] . . . the attorney-client relationship." Id. To the contrary, he filed a timely Rule 3.850 motion and represented Ryan at a hearing on the motion.[2] (Dkt. 6-2, Exs. 13, 18) Ryan likewise fails to show that counsel engaged in "professional misconduct." Clemons, 967 F.3d at 1242; see also Chavez, 647 F.3d at 1071 (holding that counsel's failure to "file promptly enough" in state court is insufficient to "establish serious attorney misconduct of the kind" required by Supreme Court caselaw). And he points to no

---

[2] Rule 3.850 motions are subject to a two-year statute of limitations. Fla. R. Crim. P. 3.850(b).

other "extraordinary circumstance"—for example, "bad faith, dishonesty, divided loyalty, [or] mental impairment"—that could possibly support equitable tolling. Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1236 (11th Cir. 2017).

Thus, Ryan has not established that equitable tolling saves his untimely § 2254 petition. The petition is therefore dismissed as time barred.[3]

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Ryan's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED as time barred**.

2. The Clerk is **DIRECTED** to enter judgment against Ryan and to **CLOSE** this case.

3. Because Ryan neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of June 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[3] Ryan does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

5